HON. JUDAH GRIBETZ Counsel to the Governor
This is in response to your request for an opinion of the Attorney General as to whether the provisions of sections 73 and74 of the Public Officers Law apply to members of the Law Revision Commission.
The Law Revision Commission was created by chapter 597 of the Laws of 1934, which added Article 4-A to the Legislative Law. The Commission consists of the Chairmen of the Senate and Assembly Judiciary committees and the Chairmen of the Senate and Assembly Codes committees, ex officio, plus five additional members appointed by the Governor. Four of the members appointed by the Governor must be attorneys and at least two of them must be faculty members of law schools within the State. The Governor designates one of the appointed members as Chairman of the Commission (Legislative Law, § 70).
The duties of the Commission are to examine the common law and statutes of the State and current judicial decisions for the purpose of discovering defects and recommending reforms; to receive and consider proposed changes in the law; to recommend such changes as are needed to modify or eliminate antiquated and inequitable rules of law; and to report their recommendations annually to the Legislature (Legislative Law, § 72).
Pursuant to section 73 of the Public Officers Law, "officers or employees of a state agency, members of the legislature or legislative employees" are regulated as to certain private business or professional activities which may tend to interfere with their professional responsibilities. Section 74 of the Public Officers Law provides for a code of ethics which sets the general standard of conduct to be reasonably expected from "officers or employees of a state agency, members of the legislature or legislative employees".
Sections 73 and 74 of the Public Officers Law define "state agency" as "any state department or division, board, commission, or bureau of any state department". Pursuant to this definition a commission must be part of a State department to be considered a "state agency". (See 1955 Atty. Gen. 225, 1955 Atty. Gen. 286, 1958 Atty. Gen. 189, 1962 Atty. Gen. 41, 1965 Atty. Gen. 7.)
The Law Revision Commission is not part of any State department. It is an independent body whose purpose is to advise the Legislature as to necessary reforms in the law. As an independent body, which is not part of any State department, it is not a "state agency" within the provisions of sections 73
and 74 of the Public Officers Law, and its members are not "officers or employees of a state agency".
A statutory amendment would be necessary to make the Law Revision Commission a "state agency" for purposes of sections 73
and 74 of the Public Officers Law. Other authorities and Commissions, which are not part of any State department, have been made a "state agency" for this purpose by statute (see, for example, Niagara Frontier Transportation Authority, Public Authorities Law, § 1299-c, subdivision 5).
The main purpose of the Law Revision Commission is legislative,i.e., to research the law and recommend reforms in the law to the Legislature. However, the members of the Commission are not "legislative employees" within the provisions of the Public Officers Law. Four members are legislators serving ex officio, and five members are appointed by the Governor. Each appointed member receives a yearly salary which is provided for in the Executive Budget, rather than in the Legislative Budget. Therefore, neither the members serving ex officio nor the members appointed by the Governor are "legislative employees" within sections 73 and 74 of the Public Officers Law.
Four members of the Commission are members of the Legislature, serving by virtue of their office as Chairmen of the Assembly and Senate Judiciary and Codes Committees. Each of these members is subject to the provisions of sections 73 and74 of the Public Officers Law as a "member of the legislature". It should be noted that the members serving ex officio are subject to the provisions in question by virtue of their status as legislators and not by virtue of their membership on the Law Revision Commission.
In view of the foregoing, I conclude that members of the Law Revision Commission who are appointed by the Governor are not subject to the provisions of Public Officers Law, §§ 73 and 74, but those members who serve ex officio are subject thereto as "members of the legislature".